UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| GENERAL STAR NATIONAL INSURANCE COMPANY, an Ohio corporation, | ) ) ) | C/A No. 2:10-cv-1773-PMD |
| Plaintiff, | ) ) ) | **COMPLAINT FOR DECLARATORY JUDGMENT, RESTITUTION, AND BREACH OF CONTRACT** |
| Versus | ) ) | **(Non-Jury)** |
| SOURCE ONE COMMUNITIES, LLC, a South Carolina limited liability company, SOURCE ONE PROPERTIES, LLC, dba PRUDENTIAL SOURCE ONE PROPERTIES, a South Carolina limited liability company, LEE FARTHING, an individual, and STEVE RAYBORN aka STEVEN RAYBURN, an individual, and DOES 1-100, inclusive, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff GENERAL STAR NATIONAL INSURANCE COMPANY, an Ohio corporation, sues Defendants SOURCE ONE COMMUNITIES, LLC, a South Carolina limited liability company, SOURCE ONE PROPERTIES, LLC, dba PRUDENTIAL SOURCE ONE PROPERTIES, a South Carolina limited liability company, LEE FARTHING, an individual, and STEVE RAYBORN aka STEVEN RAYBURN, an individual, and DOES 1-100, inclusive, and alleges as follows:

**PARTIES**

1.      Plaintiff General Star National Insurance Company ("General Star") is an Ohio corporation, with its principal place of business in Stamford, Connecticut.

2.      Defendant Source One Communities, LLC is a South Carolina limited liability company, with its principal place of business in Georgetown, South Carolina.  Defendant Source One Properties, LLC is also a South Carolina limited liability company, with its principal place

of business in Georgetown, South Carolina.  Source One Properties, LLC conducts business under the fictitious name "Prudential Source One Properties."

3.     On information and belief, defendants Lee Farthing and Steve Rayborn aka Steve Rayburn (hereinafter "Steve Rayborn") are individuals, and are residents of the State of South Carolina.  On further information and belief, defendants Lee Farthing and Steve Rayborn are the principals, owners, members, or managing agents of defendants Source One Communities, LLC and Source One Properties, LLC dba Prudential Source One Properties, and as such, may claim certain rights or interests in the liability insurance policy at issue in this action.

4.     Defendants Source One Communities, LLC, Source One Properties, LLC dba Prudential Source One Properties, Lee Farthing, and Steve Rayborn are sometimes referred to collectively herein as "the Source One defendants."

## JURISDICTION

5.     The Court has jurisdiction over this action under 28 United States Code Section 1332(a), because Plaintiff and all Defendants are citizens of different states, and the matter in controversy, exclusive of interest and costs, exceeds Seventy-Five Thousand Dollars ($75,000). The Court further has jurisdiction under 28 U.S.C. § 2201.

## VENUE

6.     Venue is laid in this District under 28 U.S.C. § 1391(a) by virtue of the fact that all defendants reside and maintain their principal places of business in Georgetown, South Carolina.  Venue is further laid in this District in that this insurance coverage action seeks a judicial declaration of the parties' rights and obligations under a policy of errors and omissions liability insurance purchased and issued in this District.

## PRELIMINARY ALLEGATIONS

### The Underlying State Court Action

7.    On or about December 16, 2008, the Source One defendants and others were sued by a group of approximately seventy-four individual plaintiffs in an action filed in the Superior Court of Mecklenburg County, North Carolina, Civil Action No. 08 CVS 27336, entitled *Joseph Fazzari et al. v. Infinity Partners, LLC, et al.* ("the underlying action," or the "Fazzari Action"). A true and correct copy of the Complaint in the underlying action is attached hereto as Exhibit A.

8.    The underlying action arises from an allegedly fraudulent real estate development scheme.  According to their complaint, plaintiffs in the underlying action were induced to purchase undeveloped, ten acre parcels of vacant land in a project known as Grandfather Vistas at Blowing Rock ("Grandfather Vistas").   A group of persons and entities identified in the underlying compliant as the land "developer defendants," and expressly defined to include the Source One defendants, allegedly convinced the plaintiffs to purchase these ten acre parcels for $500,000, while simultaneously contracting to repurchase the parcels twelve months later, for $625,000.  Meanwhile, the underlying plaintiffs' purchase money was to be used to develop the land.

9.    The "developer defendants" performance of the $625,000 "buy-back" promise was allegedly guaranteed by the personal assets of the Source One defendants, and others, which assets were said to exceed $100 million.

10.    The underlying plaintiffs allege that the Source One defendants, and the other "developer defendants," in fact never intended to use the plaintiffs' purchase money to develop the Grandfather Vistas project.  Instead, that money was to be diverted to an unrelated, failing land development project known as the "Penland project," owned by the "developer defendants,"

allegedly including the Source One defendants.

11.    The underlying action further alleges the underlying plaintiffs were induced to purchase based in part on fraudulently or negligently inflated appraisals, and by fraudulent misrepresentations by the "developer defendants," including the Source One defendants, about the financial health of the repurchase guarantors, and their intent to use the purchase money for development of Grandfather Vistas.

12.    The underlying action further alleges that with respect to several of the ten acre parcels at issue, the "developer defendants," including the Source One defendants, secretly and deliberately switched the particular parcel the underlying plaintiff had agreed to purchase for another, less desirable parcel, by switching lot platting numbers at the close of escrow.  The less desirable parcel was thereby conveyed to certain of the underlying plaintiffs, without their knowledge.

13.    The complaint in the underlying action alleges that in this fashion, the underlying plaintiffs were induced to pay approximately $22 million for lots that were fraudulently appraised, in a project the "developer defendants" had no intention of completing, pursuant to repurchase contracts that were never honored.

14.    As against the "developer defendants," including the Source One defendants, the complaint in the underlying action states claims for violations of North Carolina securities laws, including Securities Fraud, "Failure to Register a Security," and Violation of North Carolina's Investment Advisors Act.  The underlying complaint also states a claim for common law fraud, "fraud in the inducement," negligent misrepresentation, conversion, breach of contract, violation of North Carolina's Unfair and Deceptive Trade Practice Act, and conspiracy.

15.    The underlying complaint also alleges, against the Source One defendants and

other alleged "guarantor defendants," a claim for breach of their agreement to guarantee the repurchase of the underlying plaintiffs' parcels.

16.    The underlying action seeks the appointment of a receiver, along with compensatory, treble, and punitive damages, pre-judgment interest, injunctive relief, rescission of the various loan agreements used by the underlying plaintiffs to purchase land from the Source One defendants and the other "developer defendants," along with attorneys fees and costs of suit.

**Earlier Litigation Involving the Misappropriation of Funds from the
Grandfather Vistas Development Project**

17.    During April 2007, certain limited liability companies managed, owned and controlled by defendants Lee Farthing and Steve Rayborn filed an action in a South Carolina state court (later removed to the South Carolina District Court, and hereafter referred to as the "Peerless Action") against the manager and certain members of Blue River Ridge at Blowing Rock, LLC ("Blue River") – a developer of the Grandfather Vistas project.    The Peerless Action alleged essentially that defendant Peerless Real Estate Services, Inc., as manager of Blue River, along with certain members of Blue River, had misappropriated Blue River's funds acquired through the sale of land in the Grandfather Vistas development, and intended for the continued development of Grandfather Vistas.    A true and correct copy of the Summons, Complaint and Motion for Preliminary Injunction filed with the state court in the Peerless Action is attached hereto as Exhibit B.

18.    The investor plaintiffs in the underlying Fazzari Action sued many of the same individuals and entities involved in the earlier Peerless Action, including defendants Farthing and Rayborn, for much of the same conduct at issue in Peerless Action, including the misappropriation of funds from the sale of land in Grandfather Vistas, and the improper

redirection of those funds to other, unrelated projects.

19.    Defendants Farthing and Rayborn, and the Source One entities they manage and control, therefore had reasonable basis to believe, well before inception of the General Star policy at issue here, that their acts, errors or omissions in connection with Blue River and the Grandfather Vistas development might be expected to result in a claim or suit, and in particular, the underlying Fazzari Action for which coverage is now sought under the General Star policy at issue.

### General Star's Defense of the Underlying Action Under A Comprehensive Reservation Of Rights

20.    Defendants Source One Communities, LLC and Source One Properties, LLC dba Prudential Source One Properties, tendered their defense in the underlying action to General Star, under a policy of Real Estate Errors & Omissions Liability coverage issued by General Star to those entities. Defendants Lee Farthing and Steve Rayborn have not tendered their defense in the underlying action to General Star.

21.    Following a reasonable investigation, General Star accepted the tender of defense by Source One Communities, LLC and Source One Properties, LLC dba Prudential Source One Properties, and is currently defending them in the underlying action.  The defense is being provided through independent counsel selected by those entities, and under a full and comprehensive reservation of General Star's rights to deny coverage, withdraw its defense, obtain reimbursement of defense costs incurred, and seek a judicial declaration of the parties' rights and obligations under the policy.

### The General Star Policy

22.    General Star issued a policy of Real Estate Errors & Omissions Liability coverage, policy number NJA901801B, on a "claims made and reported" basis, for the period

6

August 15, 2008 to August 15, 2009 ("the Policy"). The Policy's Declarations Page identifies two named insureds: (1) Source One Communities, LLC; and (2) Source One Properties, LLC "doing business as" "Prudential Source One Properties, LLC." The Policy provides limits of liability of $1 million per claim and in the aggregate, with a $25,000 per claim deductible, applicable to both damages and claim expenses. Claim expenses have a separate limit of liability. The Policy includes a "prior acts" date of August 15, 2006. A true and correct copy of the Policy is attached hereto as Exhibit C.

23.     The Policy's insuring clause provides as follows:

*SECTION I – COVERAGES*

*The Company will pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as Damages for Claims first made against the Insured and reported to the Company in writing during the Policy Period or within 60 days thereafter, arising out of any act, error, omission or Personal Injury in the rendering of or failure to render Professional Services by an Insured covered under this policy; provided always that such act, error, omission or Personal Injury happens:*

*A.      during the Policy Period; or*

*B.      prior to the Policy Period provided that:*

*1.      such act, error, omission or Personal Injury happened on or after the Prior Acts Date as indicated on the Declaration Page of this policy; and*

*2.      at the inception of this policy the Insured had no reasonable basis to believe that any Insured had breached a professional duty and no reasonable basis to believe an act, error or omission might be expected to result in a Claim or Suit.*

\* \* \* \* \* \* \* \*

7

## COUNT ONE
### (The Policy's Insuring Clause Is Not Triggered
### (No "Professional Services" Alleged) - No Duty to Defend)

24.     General Star incorporates paragraphs 1 through 23.

25.     The Policy's insuring clause provides coverage only for "claims" arising out of any act, error or omission in an insured's rendering of "Professional Services."  "Professional Services" are in turn defined to mean "services performed by an insured in an insured's capacity as a broker, buyer's broker, agent, appraiser of real estate, real estate consultant, auctioneer, counselor or property manager, as long as such service is rendered on or behalf of the customer or client in return for a fee, commission, or other compensation . . . ."

26.     The complaint in the underlying action alleges no claims arising out of any insured's rendering of a "professional service," as defined.  The underlying action instead alleges only that the Source One defendants, among others, acted as land sellers, and as land developers.  Nor does the underlying complaint allege that any insured under the Policy did any act in return for a fee, commission, or other compensation.  Rather, the underlying complaint alleges the Source One defendants received purchase money from the underlying plaintiffs, in exchange for the conveyance of parcels of land in the "developer defendants'" Grandfather Vistas development project.

27.     In the absence of a claim arising from an insured's rendering of "professional services," as defined, the Policy's insuring clause is not potentially triggered, and General Star has no defense or indemnity obligations under the Policy with respect to the underlying action.

28.     An actual controversy exists in that General Star contends that under the terms, conditions, exclusions and limitations of the Policy, the Source One defendants are afforded no coverage for any damages or claims arising out of or connected to the underlying action.

General Star accordingly has no duty to defend the Source One defendants, and is entitled to reimbursement of defense costs incurred in the underlying action. The Source One defendants, on the other hand, contend they are entitled to a defense in the underlying action.

29.     Under 28 U.S.C. § 2201, General Star accordingly seeks a judicial declaration of the parties' respective rights and duties under the Policy.

### COUNT TWO
**(The Policy's Insuring Clause Is Not Triggered**
**(No "Professional Services" Alleged) - No Duty to Indemnify)**

30.     General Star incorporates paragraphs 1 through 29.

31.     An actual controversy exists in that General Star contends that under the terms, conditions, exclusions and limitations of the Policy, the Source One defendants are afforded no coverage for any damages or claims arising out of or connected to the underlying action. General Star accordingly has no duty to indemnify the Source One defendants in the underlying action. The Source One defendants, on the other hand, contend they are entitled to indemnity coverage for the damages alleged in the underlying action.

32.     Under 28 U.S.C. § 2201, General Star accordingly seeks a judicial declaration of the parties' respective rights and duties under the Policy.

### COUNT THREE
**(The Policy's Insuring Clause Is Not Triggered By**
**Acts Preceding The "Prior Acts Date" – No Duty to Defend)**

33.     General Star incorporates paragraphs 1 through 32.

34.     The Policy's insuring clause is only triggered by acts, errors or omissions occurring on or after the Policy's "prior acts date," which is August 15, 2006. The complaint in the underlying action alleges the "developer defendants," including the Source One defendants, began marketing the fraudulent land development scheme at issue therein during April 2006 –

several months before the Policy's August 15, 2006 "prior acts date." To the extent the acts, errors or omissions complained of took place before the Policy's "prior acts date," regardless of when any resulting damages may have been incurred, the Policy's insuring clause is not triggered, and the Policy affords no potential coverage.

35.     An actual controversy exists in that General Star contends that under the terms, conditions, exclusions and limitations of the Policy, the Source One defendants are afforded no coverage for any damages or claims arising out of or connected to the underlying action. General Star accordingly has no duty to defend the Source One defendants, and is entitled to reimbursement of defense costs incurred in the underlying action. The Source One defendants, on the other hand, contend they are entitled to a defense in the underlying action.

36.     Under 28 U.S.C. § 2201, General Star accordingly seeks a judicial declaration of the parties' respective rights and duties under the Policy.

## COUNT FOUR
**(The Policy's Insuring Clause Is Not Triggered By
Acts Preceding The "Prior Acts Date" – No Duty to Indemnify)**

37.     General Star incorporates paragraphs 1 through 36.

38.     An actual controversy exists in that General Star contends that under the terms, conditions, exclusions and limitations of the Policy, the Source One defendants are afforded no coverage for any damages or claims arising out of or connected to the underlying action. General Star accordingly has no duty to indemnify the Source One defendants in the underlying action. The Source One defendants, on the other hand, contend they are entitled to indemnity coverage for the damages alleged in the underlying action.

39.     Under 28 U.S.C. § 2201, General Star accordingly seeks a judicial declaration of the parties' respective rights and duties under the Policy.

## COUNT FIVE
**(The Policy's Insuring Clause Is Not Triggered By Acts The
Insured Had Reasonable Basis To Believe, Before Policy Inception, Might
Be Expected To Result In A Claim Or Suit – No Duty to Defend)**

40.    General Star incorporates paragraphs 1 through 39.

41.    The Policy's insuring clause is triggered only where, "at the inception of this policy the Insured had no reasonable basis to believe that any Insured had breached a professional duty and no reasonable basis to believe an act, error or omission might be expected to result in a Claim or Suit."

42.    During April 2007, certain limited liability companies managed, owned and controlled by defendants Lee Farthing and Steve Rayborn filed an action in a South Carolina state court (later removed to the South Carolina District Court, and hereafter referred to as the "Peerless Action") against the manager and certain members of Blue River Ridge at Blowing Rock, LLC ("Blue River") – a developer of the Grandfather Vistas project.  The Peerless Action alleged essentially that defendant Peerless Real Estate Services, Inc., as manager of Blue River, along with certain members of Blue River, had misappropriated Blue River's funds acquired through the sale of land in the Grandfather Vistas development, and intended for the continued development of Grandfather Vistas.

43.    The investor plaintiffs in the underlying Fazzari Action sued many of the same individuals and entities involved in the earlier Peerless Action, including defendants Farthing and Rayborn, for much of the same conduct at issue in Peerless Action, including the alleged misappropriation of funds from the sale of land in Grandfather Vistas, and the improper redirection of those funds to other, unrelated projects.

44.    Defendants Farthing and Rayborn, and the Source One entities they manage and control, therefore had reasonable basis to believe, well before inception of the General Star

policy at issue here, that their acts, errors or omissions in connection with Blue River and the Grandfather Vistas development might be expected to result in a claim or suit, and in particular, the underlying Fazzari Action for which coverage is now sought under the Policy. The Policy's insuring clause is accordingly not triggered, and the Policy affords no potential coverage.

45.    An actual controversy exists in that General Star contends that under the terms, conditions, exclusions and limitations of the Policy, the Source One defendants are afforded no coverage for any damages or claims arising out of or connected to the underlying action. General Star accordingly has no duty to defend the Source One defendants, and is entitled to reimbursement of defense costs incurred in the underlying action. The Source One defendants, on the other hand, contend they are entitled to a defense in the underlying action.

46.    Under 28 U.S.C. § 2201, General Star accordingly seeks a judicial declaration of the parties' respective rights and duties under the Policy.

### COUNT SIX
**(The Policy's Insuring Clause Is Not Triggered By Acts The
Insured Had Reasonable Basis To Believe, Before Policy Inception,
Might Be Expected To Result In A Claim Or Suit – No Duty to Indemnify)**

47.    General Star incorporates paragraphs 1 through 46.

48.    An actual controversy exists in that General Star contends that under the terms, conditions, exclusions and limitations of the Policy, the Source One defendants are afforded no coverage for any damages or claims arising out of or connected to the underlying action. General Star accordingly has no duty to indemnify the Source One defendants in the underlying action. The Source One defendants, on the other hand, contend they are entitled to indemnity coverage for the damages alleged in the underlying action.

49.    Under 28 U.S.C. § 2201, General Star accordingly seeks a judicial declaration of the parties' respective rights and duties under the Policy.

## COUNT SEVEN
### (The "Developer" Exclusion – No Duty to Defend)

50.     General Star incorporates paragraphs 1 through 49.

51.     The Policy's Exclusion L bars coverage for any claim "arising out of activities of an Insured as a . . . property developer . . . ."

52.     Each claim in the underlying action arises out of the development and sale of property by the "developer defendants," including the Source One defendants.  Exclusion L accordingly negates all potential coverage for the underlying action, and General Star has no duty to defend or indemnify any person or entity in that action.

53.     An actual controversy exists in that General Star contends that under the terms, conditions, exclusions and limitations of the Policy, the Source One defendants are afforded no coverage for any damages or claims arising out of or connected to the underlying action. General Star accordingly has no duty to defend the Source One defendants, and is entitled to reimbursement of defense costs incurred in the underlying action.  The Source One defendants, on the other hand, contend they are entitled to a defense in the underlying action.

54.     Under 28 U.S.C. § 2201, General Star accordingly seeks a judicial declaration of the parties' respective rights and duties under the Policy.

## COUNT EIGHT
### (The "Developer" Exclusion – No Duty to Indemnify)

55.     General Star incorporates paragraphs 1 through 54.

56.     An actual controversy exists in that General Star contends that under the terms, conditions, exclusions and limitations of the Policy, the Source One defendants are afforded no coverage for any damages or claims arising out of or connected to the underlying action. General Star accordingly has no duty to indemnify the Source One defendants in the underlying

action.  The Source One defendants, on the other hand, contend they are entitled to indemnity coverage for the damages alleged in the underlying action.

57.    Under 28 U.S.C. § 2201, General Star accordingly seeks a judicial declaration of the parties' respective rights and duties under the Policy.

## COUNT NINE
### (The "Owned Property" Exclusions – No Duty to Defend)

58.    General Star incorporates paragraphs 1 through 57.

59.    The Policy includes, by endorsement, the following "Owned Property" exclusions M and Y:

> *This insurance does not apply to Claims:*
>
> \*\*\*\*\*\*\*\*\*\*
>
> M.    *based on or arising out of the actual or attempted sale, leasing or appraisal of property by any Insured if at the time of the act or omission giving rise to such Claim, such Insured owned, or was the developer or constructor of, such property.  This exclusion does not apply to:*
>
> > 1.    *the actual or attempted sale or leasing of property that the Insured did not construct or develop and in which the combined ownership interest of all Insureds at the time of sale or lease was less than 10%;*
> >
> > \*\*\*\*\*\*\*\*\*\*
>
> Y.    *Based on or arising out of the actual or attempted purchase of property by, or the actual or attempted sale, leasing or appraisal of property developed, constructed or owned by:*
>
> > 1.    *any entity in which any Insured has a financial interest;*
> >
> > 2.    *any entity which has a financial interest in an Insured; or*
> >
> > 3.    *any entity which is under the same financial control as an Insured provided that such financial interest existed at the time of the act or omission giving rise to the Claim.*

60.    Each claim in the underlying action arises from, and is based on, (1) the abortive

development of property by the "developer defendants," including the Source One defendants; and (2) the sale of ten acre parcels of that property by those same persons and entities to the underlying plaintiffs.  Exclusions M and Y therefore apply to bar coverage for the underlying action, and General Star has no duty to defend or indemnify any person or entity in that action.

61.    The complaint in the underlying action further alleges that "developer defendant" Blue River Ridge at Blowing Rock, LLC ("BBR") was "formed by" defendant Peerless Real Estate Services, Inc. and the Source One entities to "own and develop" the Grandfather Vistas project, and to eventually repurchase the land from the underlying plaintiffs.  To the extent the Source One defendants had a financial interest in BBR at that time, or to the extent BBR was under the same financial control as the Source One defendants, then Exclusion Y is triggered, and bars coverage for the underlying action.

62.    An actual controversy exists in that General Star contends that under the terms, conditions, exclusions and limitations of the Policy, the Source One defendants are afforded no coverage for any damages or claims arising out of or connected to the underlying action. General Star accordingly has no duty to defend the Source One defendants, and is entitled to reimbursement of defense costs incurred in the underlying action.  The Source One defendants, on the other hand, contend they are entitled to a defense in the underlying action.

63.    Under 28 U.S.C. § 2201, General Star accordingly seeks a judicial declaration of the parties' respective rights and duties under the Policy.

## COUNT TEN
### (The "Owned Property" Exclusions – No Duty to Indemnify)

64.    General Star incorporates paragraphs 1 through 63.

65.    An actual controversy exists in that General Star contends that under the terms, conditions, exclusions and limitations of the Policy, the Source One defendants are afforded no

coverage for any damages or claims arising out of or connected to the underlying action. General Star accordingly has no duty to indemnify the Source One defendants in the underlying action.  The Source One defendants, on the other hand, contend they are entitled to indemnity coverage for the damages alleged in the underlying action.

66.     Under 28 U.S.C. § 2201, General Star accordingly seeks a judicial declaration of the parties' respective rights and duties under the Policy.

### COUNT ELEVEN
### (The "Securities Violation" Exclusion – No Duty to Defend)

67.     General Star incorporates paragraphs 1 through 66.

68.     The Policy includes, as Exclusion H, an exclusion from coverage for claims "[b]ased on or arising out of any violation of . . . any state 'blue sky' or securities law . . . ."

69.     The complaint in the underlying action alleges the "developer defendants," including the Source One defendants, violated North Carolina's state securities laws, including Securities Fraud, Failure to Register a Security, and the state's Investment Advisors Act. Exclusion H accordingly negates coverage for the underlying action's allegations regarding the violation of securities laws.

70.     An actual controversy exists in that General Star contends that under the terms, conditions, exclusions and limitations of the Policy, the Source One defendants are afforded no coverage for any damages or claims arising out of or connected to the underlying action. General Star accordingly has no duty to defend the Source One defendants, and is entitled to reimbursement of defense costs incurred in the underlying action.  The Source One defendants, on the other hand, contend they are entitled to a defense in the underlying action.

71.     Under 28 U.S.C. § 2201, General Star accordingly seeks a judicial declaration of the parties' respective rights and duties under the Policy.

## COUNT TWELVE
**(The "Securities Violation" Exclusion – No Duty to Indemnify)**

72.     General Star incorporates paragraphs 1 through 71.

73.     An actual controversy exists in that General Star contends that under the terms, conditions, exclusions and limitations of the Policy, the Source One defendants are afforded no coverage for any damages or claims arising out of or connected to the underlying action. General Star accordingly has no duty to indemnify the Source One defendants in the underlying action.  The Source One defendants, on the other hand, contend they are entitled to indemnity coverage for the damages alleged in the underlying action.

74.     Under 28 U.S.C. § 2201, General Star accordingly seeks a judicial declaration of the parties' respective rights and duties under the Policy.

## COUNT THIRTEEN
**(The "Fraud" Exclusion – No Duty to Defend)**

75.     General Star incorporates paragraphs 1 through 74.

76.     The Policy's Exclusion A bars coverage for claims arising out of a "dishonest, fraudulent, criminal or malicious act or omission," including violations of "state deceptive trade practice laws," committed by or at the direction of *any* insured.  The complaint in the underlying action states claims arising from conduct alleged to have been dishonest and fraudulent, as well as malicious, and a violation of North Carolina's Unfair and Deceptive Trade Practices Act.  The Policy's Exclusion A is therefore triggered, and bars coverage for the underlying action.

77.     An actual controversy exists in that General Star contends that under the terms, conditions, exclusions and limitations of the Policy, the Source One defendants are afforded no coverage for any damages or claims arising out of or connected to the underlying action. General Star accordingly has no duty to defend the Source One defendants, and is entitled to

reimbursement of defense costs incurred in the underlying action.  The Source One defendants, on the other hand, contend they are entitled to a defense in the underlying action.

78.     Under 28 U.S.C. § 2201, General Star accordingly seeks a judicial declaration of the parties' respective rights and duties under the Policy.

## COUNT FOURTEEN
### (The "Fraud" Exclusion – No Duty to Indemnify)

79.     General Star incorporates paragraphs 1 through 78.

80.     An actual controversy exists in that General Star contends that under the terms, conditions, exclusions and limitations of the Policy, the Source One defendants are afforded no coverage for any damages or claims arising out of or connected to the underlying action. General Star accordingly has no duty to indemnify the Source One defendants in the underlying action.  The Source One defendants, on the other hand, contend they are entitled to indemnity coverage for the damages alleged in the underlying action.

81.     Under 28 U.S.C. § 2201, General Star accordingly seeks a judicial declaration of the parties' respective rights and duties under the Policy.

## COUNT FIFTEEN
### (The "Guarantee" Exclusions Q And K – No Duty to Defend)

82.     General Star incorporates paragraphs 1 through 81.

83.     The Policy's Exclusion Q expressly bars coverage for any liability "arising out of any guarantee or future performance in the course of performing "professional services'."  The Policy's Exclusion K bars coverage for claims arising out of liability assumed by the insured in a written contract.

84.     The complaint in the underlying action alleges the Source One defendants breached a written guarantee agreement, whereby the Source One defendants, among others,

guaranteed performance of the repurchase agreement under which the "developer defendants" promised to buy back the underlying plaintiffs' parcels for $625,000. Exclusions Q and K are accordingly triggered, and bar coverage for the claims relating to the guarantee agreement in the underlying action.

85.     An actual controversy exists in that General Star contends that under the terms, conditions, exclusions and limitations of the Policy, the Source One defendants are afforded no coverage for any damages or claims arising out of or connected to the underlying action. General Star accordingly has no duty to defend the Source One defendants, and is entitled to reimbursement of defense costs incurred in the underlying action. The Source One defendants, on the other hand, contend they are entitled to a defense in the underlying action.

86.     Under 28 U.S.C. § 2201, General Star accordingly seeks a judicial declaration of the parties' respective rights and duties under the Policy.

## COUNT SIXTEEN
### (The "Guarantee" Exclusions Q and K – No Duty to Indemnify)

87.     General Star incorporates paragraphs 1 through 86.

88.     An actual controversy exists in that General Star contends that under the terms, conditions, exclusions and limitations of the Policy, the Source One defendants are afforded no coverage for any damages or claims arising out of or connected to the underlying action. General Star accordingly has no duty to indemnify the Source One defendants in the underlying action. The Source One defendants, on the other hand, contend they are entitled to indemnity coverage for the damages alleged in the underlying action.

89.     Under 28 U.S.C. § 2201, General Star accordingly seeks a judicial declaration of the parties' respective rights and duties under the Policy.

### COUNT SEVENTEEN
**(The "Conversion" and "Illegal Profit" Exclusions – No Duty to Defend)**

90.     General Star incorporates paragraphs 1 through 89.

91.     The Policy's Exclusion C bars coverage for claims arising out of conversion or misappropriation of funds.  Exclusion U bars coverage for claims arising out of the insured's gaining of a personal profit to which it is not legally entitled, including profiting from the conversion or other misappropriation of funds.

92.     The underlying action includes claims arising out of the Source One defendants' alleged conversion or misappropriation of the underlying plaintiffs' funds.  The underlying action also alleges the Source One defendants profited by such unlawful conversion or misappropriation.  Exclusions C and U are accordingly triggered, and bar coverage for the underlying action.

93.     An actual controversy exists in that General Star contends that under the terms, conditions, exclusions and limitations of the Policy, the Source One defendants are afforded no coverage for any damages or claims arising out of or connected to the underlying action. General Star accordingly has no duty to defend the Source One defendants, and is entitled to reimbursement of defense costs incurred in the underlying action.  The Source One defendants, on the other hand, contend they are entitled to a defense in the underlying action.

94.     Under 28 U.S.C. § 2201, General Star accordingly seeks a judicial declaration of the parties' respective rights and duties under the Policy.

### COUNT EIGHTEEN
**(The "Conversion" And "Illegal Profit" Exclusions – No Duty to Indemnify)**

95.     General Star incorporates paragraphs 1 through 94.

96.     The Policy's Exclusion C bars coverage for claims arising out of conversion or

misappropriation of funds. Exclusion U bars coverage for claims arising out of the insured's gaining of a personal profit to which it is not legally entitled, including profiting from the conversion or other misappropriation of funds.

97.    The underlying action includes claims arising out of the Source One defendants' alleged conversion or misappropriation of the underlying plaintiffs' funds. The underlying action also alleges the Source One defendants profited by such unlawful conversion or misappropriation. Exclusions C and U are accordingly triggered, and bar coverage for the underlying action.

98.    An actual controversy exists in that General Star contends that under the terms, conditions, exclusions and limitations of the Policy, the Source One defendants are afforded no coverage for any damages or claims arising out of or connected to the underlying action. General Star accordingly has no duty to indemnify the Source One defendants in the underlying action. The Source One defendants, on the other hand, contend they are entitled to indemnity coverage for the damages alleged in the underlying action.

99.    Under 28 U.S.C. § 2201, General Star accordingly seeks a judicial declaration of the parties' respective rights and duties under the Policy.

### COUNT NINETEEN
**(Policy Condition O: Joint And Several Liability
For Reimbursement Of Claim Expenses)**

100.    General Star incorporates paragraphs 1 through 99.

101.    The Policy includes the following condition precedent to coverage:

O.    *Reimbursement: While the Company has no duty to do so, if the Company pays **Damages** or **Claims Expenses**:*

  (1)    *Within the amount of the applicable deductible, or*
  (2)    *In excess of the applicable Limit of Liability, or*
  (3)    *Under a reservation of rights to seek reimbursement, and it is determined*

> *that the Company is entitled to reimbursement,*

> All **Insureds** *shall be jointly and severally liable to the Company for such amounts. Upon written demand, the Insured shall repay such amounts to the Company within thirty (30) days. Failure to pay any amount indicated may lead to policy termination.*

102.    General Star has defended Source One Communities, LLC and Source One Properties, LLC dba Prudential Source One Properties in the underlying action under a comprehensive reservation of its rights to seek reimbursement of claim expenses incurred. The claim expenses paid by General Star have further been both within, and in excess of, the amount of the applicable, $25,000 per claim deductible under the Policy.

103.    General Star accordingly seeks a judicial declaration that it is entitled to reimbursement of such defense costs and other claim expenses incurred within the deductible, and also for reimbursement of such defense costs in excess of the deductible incurred for defending claims not potentially covered under the Policy. General Star seeks a further judicial declaration that individual defendants Lee Farthing and Steve Rayborn, to the extent they qualify as insureds under the Policy, are personally, jointly and severally liable for such reimbursement, along with the entity defendants herein.

104.    An actual controversy exists in that General Star contends that under the terms, conditions, exclusions and limitations of the Policy, the Source One defendants are afforded no coverage for any damages or claims arising out of or connected to the underlying action. General Star accordingly has no duty to defend or indemnify the Source One defendants, and is entitled to reimbursement of defense costs and other expenses incurred in the underlying action. The Source One defendants, on the other hand, contend they are entitled to a defense, and to indemnity coverage for the damages alleged in the underlying action, and have no reimbursement obligation.

105.    Under 28 U.S.C. § 2201, General Star accordingly seeks a judicial declaration of the parties' respective rights and duties under the Policy.

## COUNT TWENTY
### (Restitution)

106.    General Star incorporates paragraphs 1 through 105.

107.    General Star has incurred attorney's fees and other claim expenses in defending Source One Communities, LLC and Source One Properties, LLC dba Prudential Source One Properties in the underlying action, while it conducted its coverage investigation.  Defense has been provided under a comprehensive reservation of General Star's right to obtain reimbursement of defense costs incurred defending against claims not potentially covered under the Policy.

108.    General Star's coverage investigation has determined there is no potential coverage for the underlying action under the Policy, and thus General Star has no obligation to defend any person or entity in the underlying action.  General Star is accordingly entitled to restitution and reimbursement of all defense expenses incurred by it in the underlying action, in an amount according to proof.

## COUNT TWENTY-ONE
### (Breach Of Contract: Failure To Pay Deductible)

109.    General Star incorporates paragraphs 1 through 108.

110.    The Policy includes a deductible in the amount of $25,000 per claim.  The deductible applies to claim expenses, including attorneys' fees and other defense costs, as well as to indemnification for damages.

111.    General Star has paid in excess of $25,000 in defense costs and other claim expenses defending Source One Communities, LLC and Source One Properties, LLC dba

Prudential Source One Properties in the underlying action. That amount is within the insureds' deductible under the Policy.

112.    In addition, General Star has paid in excess of $25,000 defending and/or indemnifying Source One Communities, LLC and Source One Properties, LLC dba Prudential Source One Properties in another, unrelated action. That amount is within the separate $25,000 deductible applicable to that claim.

113.    General Star has performed all obligations required of it under the Policy.

114.    Defendants Source One Communities, LLC and Source One Properties, LLC dba Prudential Source One Properties, on the other hand, have failed and refused to pay the $25,000 deductible applicable to the defense costs incurred in the underlying action. They have likewise failed to pay the $25,000 deductible applicable to the incurred defense expenses and/or indemnification of settlement payment in the separate, unrelated lawsuit. The failure to pay the deductible obligation in the Fazzari Action and in the other, unrelated lawsuit, each constitute a breach of the insureds' contractual obligation under the Policy to pay defense costs and damages within the $25,000 per claim deductible.

115.    General Star has accordingly been damaged in an amount according to proof, but exceeding $50,000.

## RELIEF REQUESTED

WHEREFORE, General Star respectfully requests the following relief:

1.    That the Court enter judgment declaring the rights and obligations of the parties as follows:

      (a)    General Star has no duty to defend any person or entity in the underlying action;

      (b)    General Star has no duty to indemnify any person or entity for any

settlement or judgment in the underlying action;

(c)    General Star is entitled to reimbursement of defense costs, including attorney's fees, incurred in the underlying action;

(d)    The Policy's insuring clause is not triggered because the underlying action does not arise from the rendering of a "professional service" within the meaning of the Policy;

(e)    The Policy's insuring clause is not triggered to the extent the underlying action arises from conduct preceding the Policy's "prior acts date";

(f)    The Policy's insuring clause is not triggered to the extent any insured had reasonable basis to believe, before Policy inception, that its acts, errors or omissions might be expected to result in a claim or suit;

(g)    Coverage for the underlying action is excluded by the Policy's "owned property" exclusions;

(h)    Coverage for the underlying action is excluded by the Policy's "developer" exclusion;

(i)    Coverage for the underlying action is excluded by the Policy's "securities violation" exclusion;

(j)    Coverage for the underlying action is excluded by the Policy's "fraud" exclusion;

(k)    Coverage for the underlying action is excluded by the Policy's "guarantee" exclusion;

(l)    Coverage for the underlying action is excluded by the Policy's "conversion" exclusion;

(m)    Coverage for the underlying action is excluded by the Policy's "unlawful profit" exclusion;

(n)    General Star is entitled to reimbursement of defense costs and other claims expenses incurred in the underlying action;

(o)    Each defendant is jointly and severally liable to General Star for the reimbursement of claim expenses paid within the Policy's $25,000 per claim deductible;

2.    That General Star be awarded compensatory damages for the defendants' breach of contract in failing to pay sums due within the Policy's deductible, in an amount according to

proof, but no less than $50,000.

3.    General Star further seeks such other and further relief as the Court may deem proper under the circumstances, together with costs, attorneys' fees and disbursements of this action.

HOOD LAW FIRM, LLC
172 Meeting Street
Post Office Box 1508
Charleston, SC  29402
Phone: (843) 577-4435
Facsimile: (843) 722-1630
Email: Info@hoodlaw.com


s/James B. Hood
_____
Robert H. Hood (1939)
James B. Hood (9130)

Attorneys for the Plaintiff
General Star National Insurance Company, an Ohio Corporation

July 7, 2010
Charleston, South Carolina
J:\docs\15.040\Complaint.doc